IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS FARRELL, et al.,                    :

    Plaintiffs,                              :
                                                      Case No. 3:02cv418
    vs.                                       :
                                             JUDGE WALTER HERBERT RICE
TIPP MACHINE & TOOL, INC.,                 :

    Defendant.                               :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR
RECONSIDERATION (DOC. #56)

---

Plaintiffs Thomas Farrell ("Farrell"), Donald Siegel ("Siegel") and John Ferris ("Ferris") were formerly employed by Defendant Tipp Machine & Tool, Inc. ("Defendant" or "Tipp Machine"). The Plaintiffs were laid off by the Defendant in November, 2001. They contend that their employment was terminated 90 days thereafter, since they had not been recalled during the 90-day period after their layoffs. After they had been laid off, but before that 90-day period had expired, the Plaintiffs and others picketed Defendant's place of business, which, according to Plaintiffs, resulted in the Defendant's retaliating by refusing to recall them. In their Complaint (Doc. #1), the Plaintiffs set forth five claims for relief, to wit: 1) a claim of age discrimination, alleging that the Defendant discharged them because of their ages in violation of the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621, et seq. (First Claim for Relief); 2) a similar claim predicated upon Chapter 4112 of the Ohio Revised Code ("Chapter 4112") (Second Claim for Relief); 3) a claim of retaliation in violation of Chapter 4112 (Third Claim for Relief); 4) a claim under the common law of Ohio, alleging that the actions underlying the first three claims for relief constituted wrongful discharge in violation of the public policy established by Chapter 4112 and the ADEA (Fourth Claim for Relief); and 5) a claim of intentional infliction of emotional distress (Fifth Claim for Relief).

In its Decision of September 26, 2005, this Court sustained in part and overruled in part Defendant's Motion for Summary Judgment (Doc. #19). See Doc. #42. In particular, the Court overruled that motion as it related to Farrell's claim of retaliation, part of the Third Claim for Relief in Plaintiffs' Complaint. The Court sustained that motion, as it related to the First, Second, Fourth and Fifth Claims for Relief, as well as to Siegel's and Ferris' claims of retaliation in the third such claim.

In response, the Plaintiffs filed a Motion to Alter or Amend Judgement (Doc. #43), requesting that the Court reconsider its rulings on their claims of age discrimination (the First and Second Claims for Relief), and on Siegel's and Ferris' claims of retaliation (part of the Third Claim for Relief).[1] In its Decision of September 24, 2007, this Court sustained in part and overruled in part the Plaintiffs' Motion to Alter or Amend Judgement, treated as one for

---

[1]The Plaintiffs did not seek reconsideration of the Court's grant of summary judgment to the Defendant on the Fourth and Fifth Claims for Relief in their Complaint (Doc. #1).

reconsideration.[2] See Doc. #52. In particular, this Court denied the Plaintiffs' motion as it pertained to the grant of summary judgment in favor of Defendant on their age discrimination claims, while it sustained that motion as it related to their request that it reconsider its grant of summary judgment on the claims of retaliation by Ferris and Siegel. Id. As a consequence, only Plaintiffs' claims of retaliation in violation of Chapter 4112, their Third Claim for Relief, remain to be resolved in this litigation.

More than eight months after this Court had issued that Decision and more than two and one-half years after the issuance of the Decision of September 26, 2005 (Doc. #42), the Defendant filed a motion, requesting that the Court reconsider those Decisions as they relate to the Plaintiffs' claims of retaliation. See Doc. #56. While the Defendant has not explained why it decided to wait such an extended period of time before seeking reconsideration, this Court, nevertheless, turns to the merits of the Defendant's motion, beginning its analysis by reviewing the legal standards applicable to a claim of retaliation under Chapter 4112 of the Ohio Revised Code.

Plaintiffs' claims of retaliation are based on Ohio law, § 4112.02(I) of the Ohio Revised Code. To establish a prima facie case of retaliation in violation of § 4112.02(I), the plaintiff must demonstrate: 1) that he engaged in a protected activity; 2) that the defendant knew that he had engaged in a protected activity;

---

[2]Plaintiffs' motion was in actuality an interlocutory request for reconsideration, rather than a motion to alter or amend filed in accordance with Rule 59(e) of the Federal Rules of Civil Procedure, since this Court's Decision of September 26, 2005, did not dispose of Farrell's retaliation claim and, further, given that this Court did not direct that final judgment be entered in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.

3) that the defendant took an adverse employment action against him; and 4) that there is a causal link between the protected activity and the adverse employment action. Greer-Burger v. Temesi, 116 Ohio St.3d 324, 327, 879 N.E.2d 174, 180 (2007); Coch v. Gem Industries, Inc., 2005 WL 1414454 (Ohio App. 2005); Eakin v. Lakeland Glass Co., 2005 WL 161170 (Ohio App. 2005 (quoting Wade v. Knoxville Utils. Bd., 259 F.3d 452, 463 (6th Cir. 2001)); Edwards v. Dubruiel, 2002 WL 31846259 (Ohio App. 2002) (citing Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)). Once the plaintiff establishes his prima facie case, the burden shifts to the defendant to articulate a legitimate (non-retaliatory) reason for its action. Id. If the defendant meets its burden, the burden shifts back to the plaintiff to show that the articulated reason was merely pretextual. Greer-Burger; Coch; Edwards.

Herein, the Defendant argues in its motion that it is entitled to summary judgment on the Plaintiffs' claims of retaliation, because the evidence fails to raise a genuine issue of material fact as to the third element of their prima facie cases of retaliation, to wit: whether it took adverse employment actions against them. According to Defendant, the Plaintiffs did not suffer such actions, because they were without recall rights and did not seek to become re-employed. In Greer-Burger, the Ohio Supreme Court reemphasized the fundamental principle that Ohio courts will look to federal decisions construing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., when interpreting Chapter 4112. 116 Ohio St.3d at 326-27, 879 N.E.2d at 180. See also, Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civ. Rights Comm., 66 Ohio St.2d 192, 196,

421 N.E.2d 128, 131 (1981). The Greer-Burger court also added flesh to what can constitute an adverse employment action:

> Likewise, the adverse action need not be employment-related, so the filing of a lawsuit or a counterclaim can constitute an adverse employment action in circumstances such as those in this case. Burlington N. & Santa Fe Ry. Co. v. White (2006), 548 U.S. 53.

116 Ohio St.3d at 327 n. 2, 879 N.E.2d at 180 n. 2.[3] In Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), the United States Supreme Court held that a retaliation plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal quotation marks and citations omitted).

In accordance with Burlington Northern, which the Ohio Supreme Court followed in Greer-Burger, this Court rejects the Defendant's assertion that Plaintiffs cannot show that they suffered an adverse action, because they did not have recall rights and they did not seek to be re-employed,[4] since "the adverse action need not

---

[3]In Greer-Burger, a former employee, Greer-Burger, brought an unsuccessful sexual harassment lawsuit against her former employer, Temesi. Thereafter, Temesi initiated a lawsuit against Greer-Burger, setting forth claims of abuse of process, malicious prosecution and intentional infliction of emotional distress. Temesi sought to recover the attorney's fees he had incurred to defend the sexual harassment suit, as well as other compensatory and punitive damages. In response to Temesi's lawsuit, Greer-Burger filed a charge of retaliation against him with Ohio Civil Rights Commission ("OCRC"). After proceedings before an administrative law judge, the OCRC ordered Temesi to cease and desist from his illegal activity, i.e., his lawsuit. Temesi then initiated the action which ultimately went before the Ohio Supreme Court as an administrative appeal of the OCRC's order.

[4]Parenthetically, the Court notes that, although there is no evidence that any of the Plaintiffs sought re-employment with the Defendant, there is a factual dispute as to whether they had recall rights.

be employment-related." Greer-Burger, 116 Ohio St.3d at 327 n. 2, 879 N.E.2d at 180 n. 2. Moreover, the evidence raises a genuine issue of material fact as to whether the Defendant's actions "would have dissuaded a reasonable worker from making or supporting a charge of discrimination."[5] 548 U.S. at 68. Turning initially to Farrell, he testified during his deposition that, while he was picketing Defendant's production facility, asserting that he had been the victim of age discrimination, Richard Snell ("Snell"), one of Defendant's owners, told him that the Defendant needed to hire an additional inspector and that it was too bad that he (Farrell) had been involved in the anti-discrimination activities, because he would have otherwise been considered for rehiring. Farrell Dep. at 48. Simply stated, the jury could find that a reasonable worker would be dissuaded from engaging in protected activity as a result of an owner of his employer stating that he would not be rehired as a result of that activity.

In addition, while Ferris and Siegel were engaged in similar picketing, Snell drove past them and said to Ferris, according to the latter's deposition: "I really don't think it's going to do you a whole lot of good because we had another person try this and he didn't get anywhere. I don't know if you guys know it or not but we were sued one other time for age discrimination[,] and the guy completely lost the case." Ferris Dep. at 68. In its Decision of September 24, 2007, this Court construed the deposition testimony of Ferris, together with that of Farrell which is discussed above, to conclude that the evidence raised a genuine

---

[5]It bears noting that the Defendant has not cited or discussed the standard adopted by the United States Supreme Court in Burlington Northern and followed by the Ohio Supreme Court in Greer-Burger. Nevertheless, this Court briefly sets forth its reasons for concluding that the evidence raises a genuine issue of material fact as to an adverse employment action under that standard.

issue of material fact as to whether Snell was expressing the same retaliatory animus toward Ferris and Siegel that he had conveyed to Farrell. Doc. #52 at 15. Again, construing that deposition testimony together, this Court concludes that the jury could find that a reasonable worker in the position of Ferris and/or Siegel would also have been dissuaded from engaging in protected activity.

Based upon the foregoing, the Court overrules Defendant's Motion for Reconsideration (Doc. #56).

October 16, 2008

                                          /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.